CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX:   PART 34 C
―――――――――――――――――――――――――――X
RPW SYSTEMS, LTD. ASSIGNEE SEAMANS
FURNITURE,

                              **HON. SABRINA B. KRAUS**

               Plaintiff,

                              **DECISION**
-against-                         **Index No.:CV 56866/07**

ESMERILDA M CREAERY

              Defendant,
―――――――――――――――――――――――――― X

## BACKGROUND

This action was commenced by Plaintiff against Defendant seeking a money judgment for $4182.12 plus interest, based on the allegation that Defendant had failed to pay amounts due on an installment contract issued by Plaintiff's predecessor in interest.

## PROCEDURAL HISTORY

The summons and complaint are dated July 20, 2007, and were filed on July 23, 2007. Proof of service was filed on September 21, 2007, and asserts service upon a person of suitable age and delivery on September 11, 2007, at an address of 6929 Gouverneur Avenue, Apt. 1, Far Rockaway, NY 11692.

On or about October 2007, Plaintiff obtained a default judgment against Defendant in the amount of $3,588.74.  On or about May 2010, Plaintiff received $2,976.00 from a City Marshall through a property execution (*see par 8 of 8/3/17 Kavulich aff. in support* ).

1

On or about December 5, 2013, Plaintiff received an exemption claim form from Defendant claiming that the funds in a restrained Citibank account were exempt from collection based on the fact that they were Social Security Disability payments and child support. Defendant indicated her address on the exemption form was 69-25 Gouverneur Avenue , Arvene NY 11692, and that her mailing address was PO Box 920057 Arverne NY 11692.

On January 3, 2014, Plaintiff moved for an order directing Citibank to release all non-exempt funds to satisfy the judgment against Defendant (motion seq. No 1). Plaintiff did not advise the court in said application that it had already collected $2976.00, as acknowledged in the moving papers herein, and Plaintiff claimed that only $2112,76 of the $8038.58 in the account were exempt. The motion was granted by the court (Alpert, J), on default, pursuant to a decision and order dated January 24, 2014, which provided in part:

> Defendant Citibank NA is directed to release all non-exempt funds it presently holds of Defendant Esmerilda McCreary to Plaintiff forthwith to satisfy judgment in the amount of $3588.74 plus interest and costs from October 29, 2007. Plaintiff shall serve a copy of this order along with notice of entry upon the Defendant.

Citibank released $4,797.46 to Plaintiff. The case summary indicates that a Notice of Discontinuance was filed by Plaintiff on July 14, 2015, however no such document is in the court file.

On October 20, 2015, Defendant appeared for the first time and moved by Order to Show Cause returnable November 5, 2015, (motion seq no 2) for an order vacating the judgment. Defendant stated she missed the January 2014 court date due to a snow storm and did not return to court sooner because her home was under renovation to repair damages from Superstorm Sandy. Defendant stated that the funds in the Citibank account were in part FEMA payments

2

relating to the storm. Defendant stated that even though the funds seized to date should have been sufficient to cover any judgment, Plaintiff continued to execute on other accounts. Defendant asserted numerous defenses including lack of personal jurisdiction. The motion was granted on default by the court (Alpert, J) pursuant to a decision and order of the same date, which dismissed the action based on lack of personal jurisdiction. The order directed Plaintiff to return any and all funds collected pursuant to the vacated judgment. Defendant filed proof of service of the motion on the return date in the form of a certified mail receipt.

On February 9, 2016, Plaintiff moved for an order vacating the prior dismissal issued by Judge Alpert (motion seq no 3), and Defendant moved (motion seq no 4) for an order compelling Plaintiff to comply with the order by returning funds collected in accordance with the vacated judgment. The motions were marked submitted on April 28, 2016. On July 8, 2016, the court (Rosado, J) granted Plaintiff's motion to the extent of vacating the dismissal and restoring the action to the calendar on August 3, 2016, denied Defendant's motion to compel as "moot".

The action was adjourned over a number of further court dates through January 2017. The order issued by Judge Rosado does not appear to have been properly entered as the case summary indicates that motion seq no 3 was adjourned through January 4, 2017, and then marked withdrawn on that date. However, there was no pending motion to withdraw as of January 4, 2017.

On February 23, 2017, Defendant again moved to vacate the default judgment (motion seq no 5). Defendant asserted that the address at which the summons and complaint were served was not her actual place of residence and that her residence was 6925 Gouverneur

3

Avenue, Apt 2., not 6929 Gouverneur Avenue Apt 1. Defendant attached documents to support her claim including a utility bill, and a certified Deed.

The motion was adjourned to March 16, 2017, to afford Plaintiff an opportunity to submit opposition papers, which the court directed be served by March 9, 2017. On March 16, 2017, Plaintiff's counsel failed to appear or submit opposition papers, and the motion was granted on default, by this court pursuant to a decision and order (3/16/17 Kraus Order) that vacated any remaining judgment, and once again directed all funds collected pursuant to said judgment be returned to Defendant. The order further noted that the dismissal was with prejudice, based on the statute of limitations. Defendant filed proof of service on the return date in the form of a certified mailing receipt, the original of which is affixed to the motion papers in the court file.

On April 24, 2017, Plaintiff moved for an order (motion seq no 6) vacating the 3/16/17 Kraus order and for related relief. The motion was denied by the court (Ramseur, J) on the return date pursuant to a one page hand written decision (4/24/17 Ramseur Order).

## THE PENDING MOTION

On August 24, 2017, Plaintiff moved for an order seeking "leave to reargue Plaintiff's Order to Show Cause to restore the case to the Court's calendar, vacate and stay the Decision /Order of the court dated March 16, 2017 and for such other relief ..". The motion was returnable before the Hon. Denise Dominguez, who understood Plaintiff to be seeking re-argument of the 3/16/17 Kraus order. No opposition was submitted and Judge Dominguez referred the case to Judge Kraus for determination.

4

## DISCUSSION

At the outset the court notes that pursuant to CPLR §2221(a)(1) if the order sought to be challenged was issued on default, then the motion affecting said order need not be referred back to the Judge that issued the order but may be determined by ".. any judge of the court." Therefore it is respectfully submitted that the referral of the underlying motion to this court was not required by statute, however in the interest of expediency, the court will retain jurisdiction over the motion.

### *Plaintiff's Motion for Rearguement Is Denied*

Plaintiff seeks reargument of the 3/16/17 Kraus Order, which granted Defendant's motion on default. Where a motion is granted on default, the proper remedy is not re-argument, but to move to vacate Plaintiff's default in appearing pursuant to CPLR §5015 (*DiMatteo v Niagara County Board of Elections* 133 AD2d 519; *Kanat v Ochssner* 301 Ad2d 456).

Even were the court to deem Plaintiff's motion a motion to vacate the default, the relief sought must be denied. Rather than address why counsel for Plaintiff failed to appear on the adjourn date of the motion, 3/16/17, counsel offers a purported excuse for the failure to appear in before Judge Alpert in a prior motion in 2015. Even then, the affirmation is made by Gary Kavulich who has no first hand knowledge of what occurred in court in 2015, but merely asserts that per diem counsel had been sent to court on said date and went to the wrong room. No excuse is offered for counsel's failure to appear on March 16, 2017, which date was set by the court on notice to Plaintiff specifically to afford Plaintiff an opportunity to submit opposition papers. Thus no excusable default is even asserted.

5

Nor does Plaintiff dispute the sworn statement and annexed documentary evidence showing that the original summons and complaint were not served at the proper address, and that both the street address and apartment indicated in the affidavit of service were incorrect.

Moreover, while Plaintiff's motion papers focus on the time for a motion pursuant to CPLR 317 or CPLR 5015(a)(1), the dismissal was based on lack of jurisdiction pursuant to CPLR 5015(a)(4).

The court has considered and rejected the Plaintiff's remaining claims for relief and finds same to be without merit.

Based on the foregoing, Plaintiff's motion is denied in its entirety.

This constitutes the decision and order of the Court.

Dated: Bronx, New York
September 12, 2017

Sabrina B. Kraus, JCC

TO: KAVULICH & ASSOCIATES PC
Attorneys for Plaintiff
181 Westchester Avenue, Suite 500C
Port Chester, NY 10573

ESMERILDA M CREARY
Defendant *Pro Se*
69-25 Gouverneur Avenue - 2nd Fl
Arverne, NY 11692

ENTERED
BRONX COUNTY
SEP 14 2017
Civil Court
of the
City of New York

6