**BARRON & NEWBURGER, PC**

**B♥N**

**Arthur Sanders**
*Attorney*

MEMO ENDORSED

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

December 6, 2018

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/18
```

Hon. Gabriel W. Gorenstein
U.S. Federal Courthouse
500 Pearl Street
New York, NY 10007

Re: Creary v. Kavulich & Associates, P.C., et al
    Docket No. 18-cv-2277

Dear Judge Gorenstein:

Defendants request, and Plaintiff consents, to the following:

At the 37.2 Conference on November 5, 2018, Defendants Kavulich & Associates, P.C., and Gary Kavulich ("Defendants") were ordered to produce, by November 12, 2018, documents identified in items 1 and 2 below. The parties were directed to confer as to the topics referenced in items 3 and 4 below.

1. As agreed by Defendants, produce all documents regarding Plaintiff or collection of the putative debt, including, inter alia, documents relating to any communications, such as appearance reports, emails and faxes, by or with appearance attorneys, or NY City Marshals.

2. Provide documents responsive to Plaintiff's tenth document request;[1]

3. Provide checks or documents from Defendants' accounting records for checks showing instances of returning money to consumers, and then provide the account notes, emails and attachments to the

---

[1] RFP # 10: "Produce the collection notes or account notes and written communications with any marshal regarding the attempt to enforce non-existent or vacated judgments in the 29 collection lawsuits identified in Plaintiff's 56.1 Statement and Supplemental 56.1 Statement [DE 87 ¶¶ 153–302 and DE 95 ¶¶ 303–343] in the case Morales v. Kavulich & Associates, P.C. et al, Case No. 1:16-cv-02134 ALC-JLC, (SD NY)."

Hon. Gabriel W. Gorenstein  December 6, 2018
Re: Creary v. Kavulich

4. emails, any court orders, and documents sufficient to show the caption of the state court collection lawsuit as to those consumers;

5. To produce emails sent to or received from Marshals Biegel and Moses that contain certain keywords. Plaintiff has provided a list of the keywords, and Defendant has agreed to search those keywords.[2] The emails, any attachments thereto, will be produced in their electronic format.

The Court also ordered Defendants and their employees to answer a contention interrogatory as to any state court collection lawsuit in the personal knowledge of Kavulich and its employees where money was held for more than 10 business days after a judgment was vacated.[3] The contention interrogatory was ordered to be answered under oath by each employee by November 16, 2018, which was 7 days after receipt of the request.

On November 9, 2018, Plaintiff's counsel emailed Defendant's counsel, providing a new discovery demand outlining what had been ordered by the Court. The email further provided keywords to be used in searches of the account notes and emails. This email was never responded to. On November 14, 2018, Plaintiff's counsel emailed Defendant's counsel again. Finally on November 16, 2018, Plaintiff and Defendant's counsel conferred via telephone. On November 16, 2018, Defendants' counsel requested on consent, and was granted, an extension until November 30, 2018 to produce documents responsive to item number 2. The Court did not grant any additional extensions.

---

[2] Keywords to be used in searches of Kavulich account notes and emails: "order to show cause"; "remit"; "OSC"; "escrow"; "hold"; "return"; "vacat"[sic, to account for vacate, vacating, etc.]; "release."
[3] "Identify the caption of any state court collection lawsuit, in your personal knowledge or the personal knowledge of Kavulich's employees, including but not limited to Colin King, in which Kavulich held money for more than 10 business days after a judgment was vacated (via either a court order or stipulation) or after a court order to return previously collected monies. The period of time for this request is from March 1, 2012 through March 1, 2018."

2 | P a g e

Hon. Gabriel W. Gorenstein December 6, 2018
Re: Creary v. Kavulich

The parties conferred again on November 29, 2018. Defendants requested to adjourn, for the third time, previously agreed dates for their deposition. Further, Defendants requested additional time to provide responsive documents. To avoid the necessity of additional motion practice the Parties have reached these additional agreements:

a) All emails, including attachments, produced by Defendants will be produced in their native electronic formats. Defendants represent that they use Outlook email software and have already been able to perform the searches identified in item number 4 above. More generally, electronic documents will be produced in their native electronic format to the degree possible.

b) Defendants will produce documents responsive to item 1 by December 13, 2018.

c) Also by December 13, 2018, Defendant will go through accounting records and checks pursuant to item 3 to identify instances of checks issued to consumers from January 1, 2013 to the present. For those instances where consumers were issued checks in response to an order vacating a judgment or order to return money, Defendants will produce for those consumers the account notes, correspondence with marshals, and court orders.

d) By December 13, 2018, Defendants will inform Plaintiff's counsel as to what accounting software, if any, is used by it for the purposes of obtaining records showing the return of money to consumers.

e) Defendants will also produce by December 13, 2018 electronic documents responsive to item # 4 above.

f) Defendants will inform Plaintiff's counsel by December 13 whether Defendants' database is searchable and if so, will run a search for certain keywords (identified in footnote 2, *supra*) and identify the number of cases that have responsive keywords in their account notes. The Parties

3 | P a g e

Case 1:18-cv-02277-JPO-GWG Document 46 Filed 12/07/18 Page 4 of 6
Case 1:18-cv-02277-JPO-GWG Document 47 Filed 12/10/18 Page 4 of 6

Hon. Gabriel W. Gorenstein                                                December 6, 2018
Re: Creary v. Kavulich

will then confer as to the burden of producing those account notes and related documents for those cases. Defendants will also produce by December 13, 2018, a response (including affidavits) to the additional contention interrogatory that was, by Court order due on November 16, 2018.[4]

g) Defendants will also produce by December 13, 2018 all recordings relating to Plaintiff or the attempts to collect the putative debt, or an affidavit stating that there are not and have not been any recordings.

h) By December 13, 2018, Defendant will produce the account notes for the list of cases identified in document request number 1 of Plaintiff's Third Set of Discovery, in addition to all documents requested related to six of the twenty-two cases identified in Plaintiff's document request number 1 of Plaintiff's Third Set of Discovery.[5] By December 31, 2018, Defendant will produce the remainder of the documents responsive to number 1 of Plaintiff's Third Set of Discovery, including the written communications with any marshal, and a copy of any orders.

i) Defendants will produce all documents on a rolling basis as they become available.

j) Plaintiff consents to adjourn, for the third time, the deposition of Defendants, and to adjourn the deposition of employee Colin Kingsidaphone and their per diem attorney Cheryl Johnson. The deposition of Defendants will now be on January 7, 2019 at 11:30 AM, Cheryl Johnson to January 9, 2019 at 3:00 PM, and Colin Kingsidaphone, on January 9, 2019 at 10 AM.

---

[4] Defendants requested an extension of this deadline in a November 16, 2018 application with to the Court [DE 43], but that request was denied.

[5] *J.R. Bronze Corp. v. Samantha Burgess*, CV-010918-09/BX; *1394 B.P.R. Realty Corp. v. Wade Mamadou; Adame Diagne*, CV-057939-11/BX; *Bryant Estates, LLC v. Kiona Been*, CV-015331-14/BX; *CFW Realty LLC v. Stefan J. Ramos; Yahaira Torres*, CV-004238-16/BX; *Richardson Realty Corp v. Rhonda Clarke*, CV-009364-16/BX; *215-219 West 145th Street, LLC v. Cesar Reynoso; Widaly Quezada*, CV-003411-17/NY

4 | Page

Hon. Gabriel W. Gorenstein  December 6, 2018
Re: Creary v. Kavulich

Defendants will make Mr. Kingsidaphone available by remote video connection. These dates may only be changed by order of the Court or further written agreement of the parties.

k) The Parties request all of their agreements to be "so ordered" by the Court such that a failure to comply with a provision would be a failure to comply with an order of the Court.

As a result of Defendants additional requests for extension of time to produce documents and their third request for adjournment of their deposition, and the possible risk of additional delays in the future, the Parties propose an extension by 60 days of all deadlines in this case. The new deadlines would be as follows:

- The motion to amend deadline would be extended from January 14, 2019 to March 15, 2019.
- The deadline to complete fact discovery would be extended from February 19, 2019 to April 22, 2019.
- The deadline to complete expert discovery would be extended from April 1, 2019 to May 31, 2019.

While the Court does not require approval of "internal deadlines", for the purpose of completeness, the parties also agree to extend the following deadlines:

- Deadline to serve interrogatories would be extended to March 18, 2019.
- Deadline to complete depositions would be extended to April 19, 2019.
- Deadline to serve requests to admit would be extended to March 18, 2019.
- Deadline for Plaintiff's expert disclosures would be extended to March 18, 2019.
- Deadline for Defendants' expert disclosures would be extended to April 19, 2019.

Hon. Gabriel W. Gorenstein  December 6, 2018
Re: Creary v. Kavulich

    The Parties have, by agreement, requested two previous extensions of these deadlines, and three previous extensions of the deadline to move to amend, all of which have been granted. It is not anticipated that any further extensions will be needed as long as Defendants comply with their agreements herein.

Sincerely,

BARRON & NEWBURGER, P.C.

*Arthur Sanders*

By: Arthur Sanders

SO ORDERED

_____
Gabriel W. Gorenstein.    Dec 10, 2018
U.S. Magistrate Judge